McKenna, J.
Albanese D&S, Inc. (Albanese), filed this appeal asserting that the trial judge erred in finding against Albanese on Verizon’s complaint and on Albanese’s counter complaint.
On August 1, 2008, Albanese employees began excavating a sewer line beneath Water Street in Danvers, Massachusetts. Prior to commencement of the project, Verizon sketched markings on the roadway designating the location of Verizon’s cable buried beneath the pavement. The markings comported with the requirements of “Dig Safe” rules and regulations. As the excavation progressed, Verizon twice remarked the cable area on August 12, 2008 and on September 3, 2008. However, on September 8,2008, Albanese employees struck and damaged the cable. The following morning Paul Ragaglia, a Verizon manager, went to the site to investigate the extent of the damage. Upon arrival, Ragaglia observed Albanese employees digging, through the use of a backhoe, near the damaged cable. He also observed that the roadway’s pavement had been dug up and removed. Consequently, Verizon’s original “Dig Safe” markings also had been removed. Likewise, Verizon’s August 12, 2008, and September 3, 2008 markings also had been removed. When Mr. Ragaglia informed the Albanese employees that they should call “Dig Safe” to remark the location of, and the area surrounding the cable, an employee stated that they did not need markings because, he alleged, they had pictures of the markings. Pursuant to the provisions of M.G.L.C. 82, §40C, Albanese, like all contractors, must maintain “Dig Safe” markings throughout the duration of such excavations. Inter alia, an Albanese Utility Incident Report stated that Albanese’s excavation work continued after the accident without interruption.
On May 12,2010, Verizon brought suit against Albanese, seeking damages for the cost of repairing Verizon’s underground cable. Albanese filed a counterclaim alleging that Verizon had marked the cable negligently and that Albanese had incurred damages as a result of Verizon’s negligence. During the one-day bench trial, the judge had the opportunity to observe and to hear testimony from fur witnesses (two for the plaintiff and two for the defendant). The judge also viewed a “CD” that, Albanese claimed, depicted Verizon’s negligently outlined utility markings, the Guidelines for Utility Marking, Albanese’s Utility Incident Report, and photographs *14 of the damages in question. In reaching his decision, the judge undoubtedly weighed the credibility of the witnesses in combination with the foregoing documentary and photographic evidence, and determined that Verizon had proven that Verizon’s markings had comported with the requirements of the “Dig Safe” statute, that Albanese’s excavation had degraded the markings and had strayed into the marked areas damaging Verizon’s cable and, therefore, had been in violation of M.G.Lc. 82, §4.0C. Through Albanese’s own Utility Incident Report, the judge unquestionably determined that, despite the accident, Albanese’s work had continued without interruption and, therefore, that Albanese had not incurred any damages as a result of the accident.
1. A trial judge can best determine the weight and credibility of the evidence, and the motives of parties. Swank v. Woodward, 81 Mass. App. Ct. 1138 (2012). “An appellate court does not weigh anew evidence in support of... [an] appellant’s position.” Mark Moore Homes v. Tarvezian, 1998 Mass. App. Div. 172, 174. A trial judge’s findings of fact cannot be set aside unless the findings are “clearly erroneous.” Emanouil Enterprises, L.L.C. v. Alphen, 82 Mass. App. 1107, 1109 (2012). “A ‘finding is clearly erroneous only when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.’” Id. (Internal citations omitted). Based on the record before us, we conclude that the testimony, and the documentary and photographic evidence unequivocally support the trial judge’s findings pertaining to Verizon’s complaint and to Albanese’s counter complaint. As we do not conclude on the basis of the record before us that the trial judge’s findings were clearly erroneous, the findings cannot be disturbed on appeal. Fillio v. Cardinal, 2000 Mass. App. Div. 284, 286.
2. At the close of the evidence, Verizon filed Requests for Findings of Fact and Rulings of Law. The trial judge adopted Verizon’s Findings of Fact in their entirety. Because of the judge’s comprehensive adoption of Verizon’s Findings of Fact, Albanese has urged this Court to strictly scrutinize the findings. Trial judges are required to make findings of fact after completion of jury-waived trials only if a party has submitted proposed findings before closing arguments. Mass. R Civ. R, Rule 52 (2008) ,[1] Although verbatim adoption of findings of fact unaccompanied by a manifestation of personal analysis is not encouraged, such findings will stand unless not supported by the evidence. Alphen, 82 Mass. App. Ct. at 1109. As the record before us demonstrates that the evidence establishes that the findings in favor of Verizon were warranted, we discern no abuse of discretion and, therefore, we decline to disturb the findings.
3. Finally, in Albanese’s reply brief, Albanese noted a technical error in Verizon’s Findings of Fact. Specifically, the findings mistyped M.G.L.c. 82, §40C as “M.G.Lc. 82 §40A.” We find that the technical error in Verizon’s Request for Findings of Fact, included in the trial judge’s adoption of Verizon’s findings, did not affect the judge’s correct understanding and application of the statute.[2]
Accordingly, the judgment is affirmed.

 Because our decision favors Verizon, we have not addressed Verizon’s procedural argument requesting dismissal of Albanese’s appeal because Albanese failed to file requests for findings and rulings.

 M.G.Lc. 82, §40C is the only statute applicable to the instant case.